FILED

2012 AUG 14  PM 12: 01

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

ANDRÉ BIROTTE JR.
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
DARWIN THOMAS (SBN 80745)
Assistant United States Attorney
    Room 7211 Federal Building
    300 North Los Angeles Street
    Los Angeles, CA 90012
    Telephone: (213) 894-2740
    Facsimile: (213) 894-0115
    Email: Darwin.Thomas@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

CV 12-6989 - JFW (MRWx)

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. |
| Petitioner, | Petition to Enforce Internal Revenue Service Summons; Memorandum of Points and Authorities; Declaration |
| vs. | |
| ESTHER K. CHOW, | [Exhibits redacted to exclude Personal Identifiers pursuant to Local Rule 79-5.4] |
| Respondent. | |

Petitioner states:

1.     This proceeding to judicially enforce an Internal Revenue Service (IRS) administrative summons is brought pursuant to 26 U.S.C. §§ 7402(b) and 7604(a).  The IRS has properly served Respondent with a summons, and Respondent has failed to produce the requested documents and to appear and give testimony.

2.     Respondent resides or conducts business or both in the federal judicial district of the Central District of California.

3.     The Internal Revenue Service is, and at all relevant times was, conducting an investigation regarding the collection of the federal tax liabilities of the taxpayer for the periods or years described in the summons.  A true and correct copy of the summons (redacted to exclude Personal Identifiers pursuant to Local Rule 79-5.4) is attached as **Exhibit 1** to the attached Declaration.

4.     In connection with this investigation, the summons was issued and served in accordance with the law on Respondent in the manner described in the Certificate of Service.  A true and correct copy of the Certificate of Service is attached as **Exhibit 2** to the attached Declaration.

5.     The summons seeks all documents in the possession or control of Respondent regarding assets, liabilities, or accounts held in the taxpayer's name, for her benefit, or in which she has an ownership or security interest, for the period from October 1, 2011, to the present, including but not limited to bank records, deeds, certificates of an ownership or security interest, notes, stocks, bonds, insurance policies, and like documents.  The documents requested in the summons, including but not limited to bank records, are necessary for the IRS to determine the collectability of the unpaid tax liabilities assessed against the taxpayer.

6.     Other than providing a single bank account statement for one month, Respondent has failed to give testimony and to produce the required books, records, papers, and other data in response to the summons, and such failure has continued to the date of this petition.

7.     Other than the single bank account statement described above, and some other evidence of the taxpayer's possible ownership of certain real property, the IRS is not in possession or control of the books, records, papers, and other data sought by the summons.

8.     All administrative steps required by the Internal Revenue Code in connection with the issuance and service of the summons have been taken.

9.      The testimony and the books, records, papers, and other data sought by the summons are necessary in order to properly pursue and complete the investigation.

10.      No recommendation for criminal prosecution of the taxpayer has been made by the IRS to the United States Department of Justice.  In addition, no Department of Justice referral, as described in 26 U.S.C. § 7602(d), is in effect with respect to the taxpayer.

WHEREFORE, Petitioner requests that the Court enforce the IRS administrative summons as follows:

A.      Order Respondent to appear and show cause before this Court why Respondent should not be compelled to give testimony and to produce the books, records, papers, and other data as specified in the summons;

B.      Order Respondent to appear before an authorized representative of the IRS at a time and place to be determined by the IRS and to give testimony and to produce the books, records, papers, and other data as specified in the summons; and

C.      Grant the Petitioner its costs in this proceeding and such other and further relief as may be just and proper.

Respectfully Submitted,

ANDRÉ BIROTTE JR.
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division

Dated: Aug. 13, 2012

DARWIN THOMAS
Assistant United States Attorney
Attorneys for the United States of America

3

## MEMORANDUM OF POINTS AND AUTHORITIES

26 U.S.C. § 7602(a) grants the Internal Revenue Service the power to summon books, papers, records, or other data and to take the testimony of any person for the purpose of ascertaining the correctness of a tax return, to determine a taxpayer's tax liability, and to collect a taxpayer's tax liability as follows:

> For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized —
>
> (1)    To examine any books, papers, records, or other data which may be relevant or material to such inquiry;
>
> (2)    To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and
>
> (3)    To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

See also Crystal v. United States, 172 F.3d 1141, 1143–44 (9th Cir. 1999).

26 U.S.C. §§ 7402(b) and 7604 grant authority to United States district courts to issue orders compelling, through their powers of contempt, compliance with the IRS summonses. See also United States v. Gilleran, 992 F.2d 232, 233 (9th Cir. 1993). An IRS summons is issued administratively, "but its enforcement

1    is only by federal court authority in 'an adversary proceeding' affording the

2    opportunity for challenge and 'complete protection to the witness.'"

3    United States v. Church of Scientology of California, 520 F.2d 818, 821 (9th Cir.

4    1975) (quoting Donaldson v. United States, 400 U.S. 517, 525, 91 S. Ct. 534, 539,

5    27 L. Ed. 2d 459 (1971)).

6        Because the enforcement of an IRS summons invokes the process of the

7    court, the court may not enforce a summons if it would constitute an abuse of

8    process.  United States v. Powell, 379 U.S. 48, 58, 85 S. Ct. 248, 255, 13 L. Ed. 2d

9    112 (1964).  Such an abuse would occur if the summons was issued for an

10   improper purpose, such as, for example, to harass the taxpayer.  Id., 379 U.S. at

11   58; United States v. Stuart, 489 U.S. 353, 360, 109 S. Ct. 1183, 1188, 103 L. Ed. 2d

12   388 (1989).  Accordingly, to obtain enforcement of an IRS summons, the

13   government is required to make a prima facie case for enforcement of the

14   summons.  Crystal, 172 F.3d at 1143-44; Gilleran, 992 F.2d at 233.

15       In order to establish a prima facie case for enforcement of an IRS summons,

16   the government need only make a "minimal" showing that (1) the investigation

17   will be conducted pursuant to a legitimate purpose; (2) the inquiry may be

18   relevant to the purpose; (3) the information sought is not already within the IRS's

19   possession; and (4) that the administrative steps required by the Internal Revenue

20   Code have been followed.  Crystal, 172 F.3d at 1143–44 (citing Powell, 379 U.S. at

21   57–58).  The government's "burden is minimal 'because the statute must be read

22   broadly in order to ensure that the enforcement powers of the IRS are not unduly

23   restricted.'"  Crystal, 172 F.3d at 1144 (quoting Liberty Financial Services v. United

24   States, 778 F.2d 1390, 1392 (9th Cir. 1985)).  Once the government has made its

25   prima facie case, the summoned party bears the "heavy" burden to "disprove the

26   actual existence of a valid civil tax determination or collection purpose by the

27   Service[.]" Crystal, 172 F.3d at 1144.

28

Normally, the government makes the "good faith" showing of materiality and relevancy required by Powell in the petition to enforce the summons and the accompanying declaration of the issuing IRS agent. *See* Crystal, 172 F.3d at 1144 (*quoting* United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993)).

As to the required showing of relevance, the Supreme Court stated in United States v. Arthur Young & Co., 465 U.S. 805, 814, 104 S. Ct. 1495, 1501, 79 L. Ed. 2d 826 (1984):

> As the language of § 7602 clearly indicates an IRS summons is not to be judged by the relevance standards used in deciding whether to admit evidence in federal court. *Cf.* Fed. Rule Evid. 401. The language "may be" reflects Congress' express intention to allow the IRS to obtain items of even potential relevance to an ongoing investigation without reference to its admissibility. The purpose of Congress is obvious: the Service can hardly be expected to know whether such data will in fact be relevant until it is procured and scrutinized. As a tool of discovery, the § 7602 summons is critical to the investigation and enforcement functions of the IRS, *see* United States v. Powell, 379 U.S. 48, 57 (1964); the Service therefore should not be required to establish that the documents it seeks are actually relevant in any technical, evidentiary sense.

Emphasis in original. All that needs to be shown is that the summoned documents might shed light on the tax liabilities under examination. *See* United States v. Ryan, 455 F.2d 728, 733 (9th Cir. 1972).

"Once the Government has established its *prima facie* case, the district court issues an order requiring the party on whom the summons has been served to show cause, at an enforcement hearing, why compliance with the summons should not be required." United States v. Samuels, Kramer and Co., 712 F.2d 1342, 1345 (9th Cir. 1983). The burden of proof is shifted to the person challenging the summons to "refute the Government's Powell showing of good

1 | faith to oppose successfully the enforcement of an IRS summons." Id. at 1346;
2 | see also Crystal, 172 F.3d at 1144.  "The taxpayer may challenge and attempt to
3 | rebut the prima facie case of good faith the government has established or
4 | attempt to show that enforcement of the summons would otherwise constitute
5 | an abuse of process." Gilleran, 992 F.2d at 233; see also Crystal, 172 F.2d at 1144.
6 | "The taxpayer, however, carries a heavy burden of convincing the district court to
7 | deny enforcement." Stuckey, 646 F.2d at 1372; accord Crystal, 172 F.3d at 1144.

8 | "'[S]ummons enforcement proceedings should be summary in nature and
9 | discovery should be limited.'" United States v. Derr, 968 F.2d 943, 945 (9th Cir.
10 | 1992) (quoting Stuart, 489 U.S. at 369); see also, Church of Scientology, 520 F.2d
11 | at 821.[1]  "'The taxpayer must allege specific facts and evidence to support his
12 | allegations' of bad faith or improper purpose." Crystal, 172 F.3d at 1144 (quoting
13 | United States v. Jose, 131 F.3d 1325, 1328 (9th Cir. 1997)); Liberty Financial
14 | Services, 778 F.2d at 1392.  A party opposing the summons must be able to come
15 | forward with at least "a minimal amount of evidence just to entitle him or her to
16 | an evidentiary hearing." Stuckey, 646 F.2d at 1372.  In this circuit, the Court may
17 | allow limited discovery "only if the taxpayer can make a substantial preliminary
18 | showing of abuse or wrongdoing." Stuckey, 626 F.2d at 1374.

---

[1] The Fifth Circuit has discussed the procedure to be followed in summons enforcement proceedings:

> To ascertain whether there is any basis for questioning the summons, the traditional show cause order is an effective and appropriate procedural tool.  Indeed, it harmonizes procedure with the substantive principle that puts the burden on the summoned party "of showing an abuse of the court's process." Powell, (note 17, supra).  In no way does its use extinguish the adversary proceeding which the decisions call for.  Rather it is a principal means by which the enforcing Court can determine whether there is anything to "hear" and if so to give proper scope and direction to an orderly, but expeditious, adjudication of the points in controversy.

United States v. Newman, 441 F.2d 165, 169 (5th Cir. 1971).

In <u>Donaldson</u>, 400 U.S. at 528–29, the Supreme Court noted that Rule 81(a)(3) of the Federal Rules of Civil Procedure allows this Court to limit the application of the federal rules in summons enforcement proceedings.  In keeping with the summary nature of these proceedings, the show cause order is an appropriate tool to place the burden of proof on the summoned party after the government's *prima facie* case has been made.

If no substantial challenge to the validity of the summons is made in a sworn affidavit or declaration alleging specific facts, the matter should be decided on the pleadings before the district court with no further proceedings, the summons should be enforced, and the IRS should be allowed to obtain the summoned testimony, books, papers, records, and other data. *See, e.g.*, <u>Liberty Financial Services</u>, 778 F.2d at 1392–93 (IRS affidavit was not controverted).

"Enforcement of a summons is generally a summary proceeding to which a taxpayer has few defenses." <u>Derr</u>, 968 F.2d at 945; *accord* <u>Crystal</u>, 172 F.3d at 1144.  "[T]he sole purpose of the enforcement proceeding is to ensure that the IRS has issued the summons for proper purpose and in good faith, and ... the district court is strictly limited to enforcing or denying IRS summonses." <u>Jose</u>, 131 F.3d at 1328–29.

### Conclusion

The filing of the petition to enforce the IRS summons and the declaration of the issuing IRS agent establish the government's *prima facie* case for enforcement of the summons.  As attested to in the declaration of the IRS agent who issued the summons, the IRS is conducting an investigation to determine the collectability of the tax liabilities of the taxpayer for the tax periods identified in the summons; the information sought by the summons may be relevant to that purpose; except for the single bank statement produced by the taxpayer and certain secondary evidence of real property in which the taxpayer may have an interest, the IRS does not already have possession of the information sought; and the

administrative steps required by the Internal Revenue Code for issuance and
service of the summons were followed.  The Court should now issue an order
directing Respondent to show cause why the IRS summons should not be
enforced.

If Respondent fails to respond to or rebut the government's *prima facie*
case for enforcement, then the Court should later issue an order enforcing the IRS
summons and compelling Respondent to appear before an authorized
representative of the IRS at a time and place to be determined by the IRS, and
give testimony and produce the books, records, papers, and other data for
examination and copying as required by the Internal Revenue Service summons.

Respectfully Submitted,

ANDRÉ BIROTTE JR.
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division

Dated: Aug. 13, 2012

DARWIN THOMAS
Assistant United States Attorney
Attorneys for the United States of America

## DECLARATION IN SUPPORT OF PETITION TO ENFORCE
## INTERNAL REVENUE SERVICE SUMMONS

**Summoned Party: Esther K Chow**

**Taxpayer: Esther K Chow**

I, S. HADLEY, pursuant to 28 U.S.C. § 1746(2), declare as follows:

1.   My name as used and signed in the summons and this Declaration is not a pseudonym.

2.   I am over eighteen years of age, and I am not a party to the government's federal court case to enforce the subject summons.

3.   I am employed as a Revenue Officer in the Los Angeles Territory, Area 7, Compliance, Small Business/Self Employed (SB/SE) Division of the Internal Revenue Service (the IRS).   I am authorized to issue IRS summonses under the authority of § 7602 of the Internal Revenue Code, 26 U.S.C. (hereinafter referred to as "IRC" and "the Code").   See Treasury Regulations, § 301.7602-1 (26 C.F.R.); IRS Delegation Order No. 4 (as revised).

4.   As a Revenue Officer, my duties include collecting delinquent tax accounts, securing delinquent tax returns, filing and releasing Federal tax liens, performing credit analyses and evaluations of assets, and conducting tax investigations of federal income tax returns and other information, excise, or specialty returns that have been filed or should have been filed by individual and business taxpayers, including corporations, partnerships, and fiduciaries, in order to assist the IRS in determining the taxpayer's correct tax liability, and in cases

-1-

1  where the required returns are not filed, I also assist the IRS

2  in investigating whether such returns should have been filed and

3  determining the taxpayer's correct tax liability.

4      5.   In my capacity as a Revenue Officer, I am conducting

5  an investigation into the tax liability of Esther K. Chow

6  (hereinafter referred to as "respondent") for the tax periods

7  ending December 31, 2004, and December 31, 2005, which federal

8  tax liabilities are hereinafter referred to as the "subject

9  taxable periods," and "subject tax periods".

10     6.   The purpose of the investigation is to make a

11  determination on the collectability of the taxpayer's

12  outstanding assessed tax liabilities for the subject tax

13  periods.

14     7.   As of the date of this declaration, I have not made

15  any of the final determinations referred to in the immediately

16  preceding paragraph.

17     8.   On March 9, 2012, in furtherance of the above-

18  referenced investigation and in accordance with 26 U.S.C. §7602,

19  I issued a collection summons, IRS Form 6637, to Esther K. Chow,

20  to appear on March 22, 2012, before the IRS to give testimony

21  and to produce for examination books, records, papers, and other

22  data as described in the IRS summons.  The original summons is

23  attached hereto as **Exhibit 1**.

24     9.   On March 9, 2012, in accordance with 26 U.S.C. § 7603,

25  I served an attested duplicate original copy of the IRS summons

26  described in the immediately preceding paragraph on the summoned

27  party, which I accomplished by taping a duplicate copy of the

28  original summons at the last and usual place of abode   which

contained the attestation required by 26 U.S.C. § 7603.  A true and correct copy of the summons, which contained the attestation required by 26 U.S.C. §7603, and corresponding certificate of service, Form 6637, are attached hereto as **Exhibit 2.**

10.  At the time that I issued the IRS summons, the taxpayer had outstanding tax liabilities for the subject tax periods.

11.  On March 22, 2012, the summoned party failed to appear before the IRS in response to the summons, or provide the information requested in the summons.

12.  The taxpayer's failure to pay outstanding tax liabilities for the subject tax periods continues to the date of this declaration.

13.  On March 27, 2012, IRS Counsel Attorney Aely Ullrich sent the summoned party a "last chance" letter indicating that unless the summoned party provided the testimony, documents, records, and other information described in the summons by April 19, 2012, legal proceedings would be brought against the summoned party in the United States District Court for not complying with the summons.  The letter is attached hereto as **Exhibit 3.**

14.  On April 19, 2012, the summoned party failed to appear before the IRS and provide the information requested in the summons.

15.  On May 3, 2012, the summoned party appeared before the IRS and provided a bank statement for one month.

16.  As of the date of this declaration, the taxpayer has refused to produce any additional books, papers, records and

1  other data regarding her income and expenses as sought by the

2  IRS summons for the subject tax periods.

3       17.  The testimony sought by the IRS summons is not already

4  in the possession of the IRS.

5       18.  The books, papers, records, and other data sought by

6  the IRS summons are not already in the possession of the IRS.

7       19.  All administrative steps required by the Internal

8  Revenue Code in connection with the issuance and service of the

9  IRS summons have been taken.

10      20.  The testimony and the books, records, papers, and

11 other data demanded by the IRS summons are necessary for the

12 collection of taxpayer's tax liabilities for the subject tax

13 periods.

14      21.  No recommendation for criminal prosecution of

15 respondent has been made by the IRS to the United States

16 Department of Justice.  In addition, no Department of Justice

17 referral, as described in I.R.C. § 7602(c) is in effect with

18 respect to respondent.

19      I declare under penalty of perjury that the foregoing is

20 true and correct.

21      Executed on ___June 1_____, 2012, at Los Angeles,

22 California.

23

24      ___S. Hadley_____

25      S. Hadley
        Revenue Officer
26      Internal Revenue Service

27

28

-4-

# Summons

# Collection Information Statement

In the matter of  ESTHER K CHOW,                                          CA 91791

Internal Revenue Service *(Identify Division)*  SMALL BUSINESS/SELF EMPLOYED

Industry/Area *(Identify by number or name)*  SB/SE AREA 7 (27)

Periods:  Form 1040 for the calendar periods ending December 31, 2004 and December 31, 2005

The Commissioner of Internal Revenue

To:  ESTHER K CHOW

At:                                          . 91791

You are hereby summoned and required to appear before S. HADLEY, an Internal Revenue Service *(IRS)* officer, to give testimony and to bring for examination the following information related to the collection of the tax liability of the person identified above for the periods shown:

All documents and records you possess or control regarding assets, liabilities, or accounts held in the taxpayer's name or for the taxpayer's benefit which the taxpayer wholly or partially owns, or in which the taxpayer has a security interest.  These records and documents include but are not limited to: all bank statements, checkbooks, canceled checks, saving account passbooks, records or certificates of deposit for the period:

    From 10/01/2011  To PRESENT

Also include all current vehicle registration certificates, deeds or contracts regarding real property, stocks and bonds, accounts, notes and judgments receivable, and all life or health insurance policies.

IRS will use this information to prepare a Collection Information Statement.  We have attached a blank statement to guide you in producing the necessary documents and records.

---

## Do not write in this space

---

**Business address and telephone number of IRS officer before whom you are to appear:**

 9350 E. FLAIR DR,  EL MONTE,  CA  91731-2828  (626) 312-5034x1013

**Place and time for appearance:** At  9350 E. FLAIR DRIVE,  EL MONTE,  CA  91731-2828

# IRS

on the  22nd  day of  March  ,  2012  at  10:00  o'clock a m.

Issued under authority of the Internal Revenue Code this  9th  day of  March  ,  2012

Department of the Treasury
Internal Revenue Service

**www.irs.gov**

Form 6637 (Rev.10-2010)
Catalog Number 25000Q

S. HADLEY  *Mr. Hadley*
    Signature of issuing officer

    Signature of approving officer *(if applicable)*

REVENUE OFFICER
    Title

    Title

## Exhibit 1

**Original -- to be kept by IRS**

# Summons

# Collection Information Statement

In the matter of  ESTHER K CHOW,                                           CA 91791
Internal Revenue Service *(Identify Division)*  SMALL BUSINESS/SELF EMPLOYED
Industry/Area *(Identify by number or name)*  SB/SE AREA 7 (27)
Periods:  Form 1040 for the calendar periods ending December 31, 2004 and December 31, 2005

### The Commissioner of Internal Revenue

To:  ESTHER K CHOW
At:_____                                         CA  91791

You are hereby summoned and required to appear before  S.  HADLEY, an Internal Revenue Service *(IRS)* officer, to give testimony and to bring for examination the following information related to the collection of the tax liability of the person identified above for the periods shown:

All documents and records you possess or control regarding assets, liabilities, or accounts held in the taxpayer's name or for the taxpayer's benefit which the taxpayer wholly or partially owns, or in which the taxpayer has a security interest.  These records and documents include but are not limited to: all bank statements, checkbooks, canceled checks, saving account passbooks, records or certificates of deposit for the period:

From  10/01/2011  To  PRESENT

Also include all current vehicle registration certificates, deeds or contracts regarding real property, stocks and bonds, accounts, notes and judgments receivable, and all life or health insurance policies.

IRS will use this information to prepare a Collection Information Statement.  We have attached a blank statement to guide you in producing the necessary documents and records.

### Do not write in this space

### Attestation

**I hereby certify that I have examined and compared this copy of the summons with the original and that it is a true and correct copy of the original.**

_____          **REVENUE OFFICER, 1000281470**
Signature of IRS Official Serving the Summons          Title

**Business address and telephone number of IRS officer before whom you are to appear:**

9350 E. FLAIR DR,  EL MONTE,  CA  91731-2828  (626) 312-5034x1013

**Place and time for appearance at:**  9350 E. FLAIR DRIVE,  EL MONTE,  CA 91731-2828

# IRS

on the  22nd  day of  March ,  2012  at  10:00  o'clock  a  m.

Issued under authority of the Internal Revenue Code this  9th  day of  March  ,  2012

**Department of the Treasury
Internal Revenue Service**

**www.irs.gov**

Form 6637 (Rev.10-2010)
Catalog Number 25000Q

S. HADLEY _____          REVENUE OFFICER _____
Signature of Issuing Officer          Title

_____          _____
Signature of Approving Officer *(if applicable)*          Title

**Part A -- to be given to person summoned**



# Certificate of
# Service of Summons

(Pursuant to section 7603, Internal Revenue Code)

certify that I served the summons shown on the front of this form on:

| Date | Time |
|------|------|
| 3-9-12 | 2:46 PM |

**How** ☐ I handed an attested copy of the summons to the person to whom it was directed.

**Summons**

**Was** ☒ I left an attested copy of the summons at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person *(if any)*.

**Served**

| Signature | Title |
|-----------|-------|
| Mr. Hadley | R/O |

certify that the copy of the summons served contained the required certification.

| Signature | Title |
|-----------|-------|
| Mr. Hadley | R/O |

Catalog No. 25000Q

Exhibit 2

Form **6637** (Rev. 10-2010)



OFFICE OF THE CHIEF COUNSEL

**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
OFFICE OF DIVISION COUNSEL
SMALL BUSINESS/SELF-EMPLOYED
3018 FEDERAL BUILDING
300 N. LOS ANGELES STREET
LOS ANGELES, CALIFORNIA 90012
(213) 894-3027
FAX: (213) 894-6548

March 27, 2012

CC:SB:8:LA:2:AKUllrich
GL-112825-12

**Via Certified Mail**

Esther K. Chow

CA  91791

Dear Ms. Chow:

Small Business/Self-Employed California Area Collection of the Internal Revenue Service has notified our office that you did not comply with the provisions of the summons served on you on March 9, 2012.  Under the terms of the summons, you were required to appear before Revenue Officer S. Hadley on March 22, 2012.  A copy of the summons served on you is enclosed for your convenience.

Legal proceedings may be brought against you in the United States District Court for not complying with this summons.  To avoid such proceedings, you are to appear before Revenue Officer:

|  |  |
|---|---|
| Name: | S. Hadley |
| Date: | April 19, 2012 |
| Time: | 1:30 p.m. |
| Address: | 9350 E. Flair Drive |
|  | El Monte, CA 91731-2828 |

Exhibit 3

Any books, records or other documents called for in the summons should be produced at that time.  If you have any questions, please contact Revenue Officer S. Hadley at (626) 312-5034 ext. 1013.


Sincerely,


JAMES A. NELSON
Area Counsel
(Small Business/Self-Employed:Area 8)


By: _____
Aely K. Ullrich
Attorney (Los Angeles)
(Small Business/Self-Employed)


Enclosure (1):
Copy of summons served March 9, 2012

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Michael Wilner.

The case number on all documents filed with the Court should read as follows:

## CV12- 6989 JFW (MRWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>UNITED STATES OF AMERICA | DEFENDANTS<br>ESTHER K. CHOW |
|---|---|

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>United States Attorney Office, DARWIN THOMAS, AUSA<br>300 N. Los Angeles St., Room 7211, Los Angeles, CA 90012<br>Tel: (213) 894-2740  Fax: (213) 894-0115 | Attorneys (If Known) |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☒ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No     ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
26 U.S.C. SECTIONS 7402(b) AND 7604(a)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

# CV12-6989

FOR OFFICE USE ONLY:    Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
    ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
    ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
    ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☒ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date 8/14/2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |